UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
------------------------------ X
: 
RICHARD WEBBER, as Special Administrator of : Case No. 1:20-cv-01526 (WCG)
the Estate of SARA J. SCHMIDT, :
:
Plaintiff, :
:
-against- :
:
ARMSLIST, LLC and JONATHAN GIBBON, :
:
Defendants. :
:
:
------------------------------ X

# PLAINTIFF RICHARD WEBBER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO TRANSFER VENUE

**CANNON & DUNPHY, S.C.**
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
262-796 3702

**BRADY**
840 First Street NE
Suite 400
Washington, DC 20002
202-370-8104

**BLANK ROME LLP**
1271 Avenue of the Americas
New York, New York 10020
212-885-5130

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 1 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barnes v. Rollins Dedicated Carriage Servs., Inc.*,
    976 F. Supp. 767 (N.D. Ill. 1997) ...........................................................................................5

*CNH Am. LLC v. Int'l Union, United Auto.*,
    No. 08-C-720, 2009 WL 357920 (E.D. Wis. Feb. 12, 2009) ................................................3, 4

*Coffey v. Van Dorn Iron Works*,
    796 F.2d 217 (7th Cir. 1986) ................................................................................................3, 4

*Cote v. Wadel*,
    796 F.2d 981 (7th Cir. 1986) ...................................................................................................8

*Craik v. Boeing Co.*,
    37 F. Supp. 3d 954 (N.D. Ill. 2013) .........................................................................................8

*Ferens v. John Deere Co.*,
    494 U.S. 516 (1990) .................................................................................................................5

*Goldlawr, Inc. v. Heiman*,
    369 U.S. 463 (1962) .................................................................................................................9

*Heller Fin., Inc. v. Midwhey Powder Co.*,
    883 F.2d 1286 (7th Cir. 1989) .................................................................................................3

*PTP OneClick, LLC v. Avalara, Inc.*,
    No. 18-C-1671, 2019 WL 1924872 (E.D. Wis. Apr. 30, 2019) .......................................4, 5, 7

*Red Stag Eng'g & Automation, Inc. v. Elite Mfg. Techs., Inc.*,
    No. 07-C-224, 2007 WL 1413402 (E.D. Wis. May 11, 2007) ................................................7

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973 (7th Cir. 2010) ..........................................................................................4, 6, 7

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ...................................................................................................................4

**Statutes**

18 U.S.C. § 1404(a) ............................................................................................................... passim

18 U.S.C. § 1406(a) .................................................................................................................. 7, 8

42 Pa. C.S. § 5524 ..........................................................................................................................8

Wis. Stat. § 801.05 ................................................................................................................................8

# PLAINTIFF RICHARD WEBBER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO TRANSFER VENUE

Plaintiff Richard Webber, as Special Administrator of the Estate of Sara J. Schmidt, submits this memorandum of law in support of his Motion to Transfer Venue to the Western District of Pennsylvania (Pittsburgh, PA). Plaintiff is suing defendants for damages related to the murder of his daughter, Sara Schmidt.

## PRELIMINARY STATEMENT

Under the federal venue statute, venue is often proper in more than one district. In this instance, the tragic murder of Sara Schmidt, a mother of three, occurred in Wisconsin, which makes venue proper in this district. But after reviewing Defendants' motions to dismiss the Complaint [Dkt 5 and 6], it is apparent the Western District of Pennsylvania is a more convenient venue for this case to proceed. Defendant Gibbon resides in the Western District of Pennsylvania. And, it is in that district where he designed, created, and operates defendant Armslist's website—Armslist.com. As a result, it will be cheaper, quicker, and easier to litigate in the Western District of Pennsylvania because that is where Gibbon and Armslist are located. Moreover, transfer will serve the interest of litigating cases in a community where a substantial portion of the events occurred. Alternatively, because Defendants' have pending motions to dismiss, Plaintiff asks the Court to consider transferring this case, in the interest of justice, if it determines that jurisdictional defects are present.

## BACKGROUND

Defendant Jonathon Gibbon is the primary architect of Armslist.com, which is an online firearms marketplace. Compl. ¶¶ 2, 71, 224.

On October 1, 2020, Plaintiff filed this action in the U.S. District Court for the Eastern District of Wisconsin. The central event that led to the complaint was the murder of Sara Schmidt

in Wisconsin. *Id.* ¶ 154. Plaintiff, Sara's father, however, resides in Arkansas and Gibbon resides in Jeannette, Pennsylvania and defendant Armslist is based there. *Id.* ¶ 39, 42. In consideration of convenience and fairness, Plaintiff now seeks to transfer this case to the U.S. District Court for Western District of Pennsylvania.

On December 18, 2020, defendants Gibbon and Armslist filed motions to dismiss for lack of personal jurisdiction and for failure to state a claim. [Dkt 5 and 6.] The instant motion would cure any jurisdictional defects alleged by defendants Gibbon and Armslist.[1]

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and the transferee district; (2) transfer will serve the convenience of the parties and the witnesses, and (3) transfer is warranted in the interest of justice. *CNH Am. LLC v. Int'l Union, United Auto.*, No. 08-C-720, 2009 WL 357920, at *3 (E.D. Wis. Feb. 12, 2009). The party seeking transfer bears the burden of showing that the "transferee forum is clearly more convenient than the transferor forum." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

**ARGUMENT**

**I. This Case Could Have Been Initiated in the Western District of Pennsylvania**

The threshold inquiry for a § 1404(a) transfer motion is whether venue is proper in both

---

[1] Defendant Armslist moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) [Dkt. 6] and we shall file a separate response to that motion, as well as to Gibbon's motion to dismiss for failure to state a claim. [Dkt. 5] Armslist's motion includes an argument that it is not subject to personal jurisdiction in Wisconsin [Dkt 6-1 at 21] and the present motion would cure the alleged defects by establishing personal jurisdiction over Armslist in Pennsylvania, its principal place of business.

2

the transferee and transferor districts. *See CNH Am.*, 2009 WL 357920, at *3. Under the general venue statute, venue is proper in any federal district: (1) where a natural person resides, 28 U.S.C. § 1391(b)(1); (2) where an entity maintains its principal place of business, *id.* § 1391(b)(1), (c)(2); or (3) where a "a substantial part of the events or omissions giving rise to the claim occurred," *id.* § 1391(b)(2).

In this case, the action could have been brought in either the Eastern District of Wisconsin or the Western District of Pennsylvania. Venue is proper in the Western District of Pennsylvania because both Gibbon and Armslist reside in the Western District of Pennsylvania. *See* 28 U.S.C. § 1391(b)(1), (c)(2). Gibbon lives in Jeannette, Pennsylvania and Armslist is a Pennsylvania limited liability company with its principal place of business in the same town. Venue is also proper in Eastern District of Wisconsin because a substantial portion of the events giving rise to this action occurred within this district—*i.e.*, Sara's murder. 28 U.S.C. § 1391(b)(2).

**II. The Western District of Pennsylvania is a More Convenient Forum for this Case**

Decisions to transfer are at the discretion of the district court based on an "'individualized, case-by-case consideration of convenience and fairness.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Accordingly, the factors specifically mentioned in § 1404(a) are best understood as "placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). To determine which venue is more convenient, courts usually consider: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience of the parties and witnesses." *PTP OneClick, LLC v. Avalara, Inc.*, No. 18-C-1671, 2019 WL 1924872, at *2 (E.D. Wis. Apr. 30, 2019). For the reasons explained

3

below, each convenience factor weighs in favor of transferring this case to the Western District of Pennsylvania.

### A. Plaintiff Chooses to Litigate in Pennsylvania

Generally, Plaintiff's choice of venue is entitled to deference, particularly when a plaintiff chooses a venue in which material events giving rise to the claim occurred. *See Barnes v. Rollins Dedicated Carriage Servs., Inc.*, 976 F. Supp. 767, 768 (N.D. Ill. 1997). Even though it is the Plaintiff who now moves for transfer, his choice is still entitled to deference. In *Ferens v. John Deere Co.*, the Supreme Court explained that the purpose of § 1404(a) is to make venue convenient, not to "discourage plaintiffs from exercising the opportunities that they already have." 494 U.S. 516, 528 (1990). There, the Court found that transfer was appropriate for plaintiffs who had intentionally filed their claim in one forum to obtain favorable law, and then transferred it to a more convenient forum where material events occurred. *Id.* at 519. In this case, Webber is merely seeking to move this case from one venue where significant material events occurred to a more convenient one where significant material events occurred—which also happens to be Defendants' home state.

### B. Material Events Occurred in Pennsylvania

Although a substantial part of this case is about events that occurred in Wisconsin, most of this case is about Gibbon's and Armslist's intentional and reckless behavior in Pennsylvania. It is alleged that, from Armslist's headquarters in Jeannette, Pennsylvania, Gibbon intentionally and recklessly designed, developed, and implemented website content that would attract people to use its marketplace for soliciting illegal firearms transactions. When such conduct is a core issue in the case, courts find that this factor weighs in favor of transfer. *See, e.g.*, *PTP OneClick*, 2019 WL 1924872, at *3 ("Seattle, Washington, is where Avalara developed the allegedly infringing tax

4

products, and is where the majority of the relevant events took place, this factor weighs in favor of transfer.") (Griesbach, J.).

**C. Gibbon, Armslist, and Witnesses are in Pennsylvania**

The witnesses in this case will likely include the following people: Gibbon, employees of Armslist, Sara's family who was present at the location when she was murdered, and Brock Verstagen—the individual who sold Sara's killer a firearm via Armslist.com. To determine which venue is more convenient for witnesses and parties, courts consider the "availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc.*, 626 F.3d at 978. Gibbon and Armslist's employees will make up the bulk of the trial testimony, which will focus on the design and development of Armslist.com. Those individuals likely live in or near the Western District of Pennsylvania. Moreover, any former employees or later discovered non-party witnesses associated with Armslist will also likely reside within or near the Western District of Pennsylvania, which would allow the Court to subpoena such witnesses, if necessary. The same would not be true for the Eastern District of Wisconsin because it would not have the ability to subpoena non-party witnesses located in Pennsylvania due to the distance between the two states.

The only witnesses that would be outside the subpoena power of the Western District of Pennsylvania, and who will have to travel great distances, are Sara's family and Verstagen. Sara's family will voluntarily appear at trial, and if Verstagen refuses or is not capable of traveling to the Western District of Pennsylvania, deposition testimony and evidence from Armslist's website servers will be sufficient to show that Verstagen and Sara's killer used Armslist.com to facilitate their alleged transaction.

### D. A Significant Amount of Proof is Located in Pennsylvania

As stated above, most of the witnesses needed for this case either live in the Western District of Pennsylvania or near it. Furthermore, to the extent that physical evidence and records will play a role in this case, the bulk of that evidence will likely come from Armslist's headquarters, which is located Jeannette, Pennsylvania. Thus, this factor also weighs in favor of transfer. *See, e.g.*, *PTP OneClick, LLC*, 2019 WL 1924872, at *3 ("Although Avalara's corporate headquarters are located in Seattle, there is a trend towards affording decreasing weight to the location of records and evidence in light of technological developments. Still, most of the evidence in Avalara's possession, which would include the records relating to its development and commercialization of the allegedly infringing product, is located in Seattle." (internal citations omitted)).

### III. Transferring This Case to the Western District of Pennsylvania Will Serve the Interests of Justice.

To determine if transfer would serve in the interests of justice, "courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *PTP OneClick, LLC*, 2019 WL 1924872, at *4 (quoting *Research Automation, Inc.*, 626 F.3d at 978).

First, the prospect of a speedy disposition favors transfer. *See Red Stag Eng'g & Automation, Inc. v. Elite Mfg. Techs., Inc.*, No. 07-C-224, 2007 WL 1413402, at *4 (E.D. Wis. May 11, 2007). Courts evaluate this factor by comparing the average time it takes to resolve a civil matter in the transferor court with that of the time it takes in the transferee court to do the same. *See Craik v. Boeing Co.*, 37 F. Supp. 3d 954, 963 (N.D. Ill. 2013). In this instance, cases move

quicker in the Western District of Pennsylvania. On average, it takes the Western District of Pennsylvania to dispose of a civil matter is 5.6 months compared to 7.2 months in the Eastern District of Wisconsin. *See* Federal Court Management Statistics, https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2020/06/30-1 (last visited Jan. 25, 2021). Second, the remaining interest of justice factors favor transfer as well. Although Wisconsin has a substantial interest in protecting its citizens from reckless conduct, which Plaintiff does not seek to minimize, that interest is outweighed when Pennsylvania has an equal interest in the same, and the alleged wrongdoers live and operate within its communities.

For the reasons explained above, transferring this case to the Western District of Pennsylvania is appropriate under 28 U.S.C. § 1404(a). Currently pending before the Court, however, is a motion requesting that Gibbon be dismissed from this case based on the Court's lack of personal jurisdiction over him in his individual capacity. *See* Def.'s Mem. of Law (doc. 5-1), at 3. For reasons that will be explained in Plaintiff's opposition, Gibbon's Motion should be denied. If the Court disagrees, however, and finds that it does lack personal jurisdiction over Gibbon, the Court should still transfer this case to the Western District of Pennsylvania because it will serve the interests of justice. Albeit, transfer in such a scenario is appropriate under 28 U.S.C. § 1406(a), not §1404(a).

Under § 1406(a), the transferee Court need not have personal jurisdiction over the defendants. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, *transfer* such case to any district or division in which it could have been brought." (emphasis added). Transferring this case, instead of dismissing Gibbon, will serve in the best interest of justice because, if Plaintiff's claims against Gibbon are

7

dismissed on jurisdictional grounds, Plaintiff may be barred from bringing his claims in a proper forum. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations"); *see* 42 Pa. C.S. § 5524 (Pennsylvania's two-year statute of limitation on tort claims), Wis. Stat. § 893.54, 893.57 (Wisconsin's three-year statute of limitation on tort claims).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Transfer Venue to the Western District of Pennsylvania under 28 U.S.C. § 1404(a), or alternatively, under § 1406(a).

Dated: January 29, 2021

**CANNON & DUNPHY, S.C.**

By: /s/ Patrick O. Dunphy
Patrick O. Dunphy
(State Bar No. 1036964)
pdunphy@c-dlaw.com
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
(262) 796-3702

**BRADY**
Jonathan E. Lowy
840 First Street NE
Suite 400
Washington, DC 20005
(202) 202-370-8100

**BLANK ROME LLP**
John D. Kimball
Martin S. Krezalek
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000

*Attorneys for Plaintiff RICHARD
WEBBER as administratrix of the
ESTATE OF SARA J. SCHMIDT*

9