UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

------------------------------------------------------------ X
RICHARD WEBBER, as Special Administrator of : Case No. 1:20-cv-01526 (WCG)
the Estate of SARA J. SCHMIDT, :
 :
                Plaintiff, :
 :
   -against- :
 :
ARMSLIST, LLC and JONATHAN GIBBON, :
 :
                Defendants. :
 :
------------------------------------------------------------ X

# PLAINTIFF RICHARD WEBBER'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO TRANSFER VENUE

**CANNON & DUNPHY, S.C.**
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
262-796 3702

**BRADY**
840 First Street NE
Suite 400
Washington, DC 20002
202-370-8104

**BLANK ROME LLP**
1271 Avenue of the Americas
New York, New York 10020
212-885-5130

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| BACKGROUND | | 2 |
| LEGAL STANDARD | | 3 |
| I. | The Western District of Pennsylvania is a More Convenient Forum for this Case | 3 |
| | A. Material Events Occurred in Pennsylvania | 4 |
| | B. Gibbon, Armslist, and Witnesses are in Pennsylvania | 4 |
| | C. A Significant Amount of Proof is Located in Pennsylvania | 6 |
| II. | Transferring This Case to the Western District of Pennsylvania Will Serve the Interests of Justice | 6 |
| III. | Personal Jurisdiction is Immaterial to Deciding This Transfer Motion | 8 |
| CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bandlow v. Mid-Am. Fire & Marine Ins.*,
498 F. Supp. 1327 (E.D. Wis. 1980) ...........................................................................8

*Bauer v. Armslist et al.*,
No. 20-00215 (E.D. Wis. 2020) ...................................................................................7

*CNH Am. LLC v. Int'l Union, United Auto.*,
No. 08-C-720, 2009 WL 357920 (E.D. Wis. Feb. 12, 2009) .......................................3

*Coffey v. Van Dorn Iron Works*,
796 F.2d 217 (7th Cir. 1986) .......................................................................................3

*Connor v. Kotchen*,
No. 18-01118, 2019 WL 1298585 (S.D. Ind. Mar. 21, 2019) ..................................8, 9

*Cote v. Wadel*,
796 F.2d 981 (7th Cir. 1986) .......................................................................................8

*Heller Fin., Inc. v. Midwhey Powder Co.*,
883 F.2d 1286 (7th Cir. 1989) .....................................................................................3

*Piccioli v. Plumbers Welfare Fund Local 130, U.A.*,
No. 19-CV-00586, 2020 WL 6063065 (N.D. Ill. Oct. 14, 2020) ................................4

*PTP OneClick, LLC v. Avalara, Inc.*,
No. 18-C-1671, 2019 WL 1924872 (E.D. Wis. Apr. 30, 2019) ..........................3, 4, 6

*RAH Color Techs., LLC v. Quad/Graphics, Inc.*,
No. 17 C 4931, 2018 WL 439210 (N.D. Ill. Jan. 16, 2018) ....................................5, 6

*Red Stag Eng'g & Automation, Inc. v. Elite Mfg. Techs., Inc.*,
No. 07-C-224, 2007 WL 1413402 (E.D. Wis. May 11, 2007) ....................................7

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
626 F.3d 973 (7th Cir. 2010) ...............................................................................3, 5, 6

*Rice v. Diocese of Altoona-Johnstown*,
212 A.3d 1055 (Pa. Super. Ct. 2019) ...........................................................................9

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988) .......................................................................................................3

*Washington Nat. Life Ins. Co. v. Calcasieu Par. Sch. Bd.*,
 No. 05 C 2551, 2006 WL 1215413 (N.D. Ill. May 2, 2006) ....................................................... 8

**Statutes**

42 Pa. C.S. § 5524 ............................................................................................................................. 9

28 U.S.C. § 1404(a) ................................................................................................................... 3, 8, 9

28 U.S.C. § 1406(a) ................................................................................................................... 7, 8, 9

Wis. Stat. § 893.54, 893.57 ............................................................................................................... 9

# PLAINTIFF RICHARD WEBBER'S REPLY
# IN FURTHER SUPPORT OF HIS MOTION TO TRANSFER VENUE

Plaintiff Richard Webber, as Special Administrator of the Estate of Sara J. Schmidt, submits this Reply in further support of his Motion to Transfer Venue to the Western District of Pennsylvania (Pittsburgh, PA).

## PRELIMINARY STATEMENT

Pending before the Court is Plaintiff's Motion to Transfer Venue. Plaintiff seeks to transfer this case to Defendants' home state, Pennsylvania, because it is a more convenient forum to litigate this case. Sara Schmidt's murder is a significant event giving rise to this case; however, the core of this case is about Armslist's and Gibbon's intentional and reckless conduct that originated in Pennsylvania and was purposefully and intentionally directed towards the State of Wisconsin. Thus, this case was properly brought in Wisconsin and the Eastern District of Wisconsin is a proper venue. Pennsylvania, however, is a more convenient venue. It will be cheaper, quicker, and easier to litigate this case in the Western District of Pennsylvania primarily because it is where Armslist, Gibbon, witnesses, and documents are located. Moreover, Pennsylvania has a significant interest in protecting its communities and policing its citizens.

Defendants primarily oppose transfer by arguing that Wisconsin is a more convenient venue than Pennsylvania. This position, however, is at odds with the arguments Defendants presented in their Motion to Dismiss for lack of personal jurisdiction. In that motion, Defendants argue that this Court lacks personal jurisdiction because Defendants reside in and operate a business in Pennsylvania, and because it has only minimal contacts with the State of Wisconsin. In response to Plaintiff's Motion to Transfer this case to Pennsylvania, however, Defendants argue that Wisconsin would be the most convenient forum for the parties and witnesses. Defendants'

about face and contradictory arguments are an attempt to frame Plaintiff's Motion to Transfer Venue as an issue that is inseparable from personal jurisdiction. For the reasons stated below, however, whether this Court has personal jurisdiction over Defendants is not relevant for the purposes of deciding this motion.

As a result, Plaintiff asks this Court to reserve judgment on Defendants' motions to dismiss and grant Plaintiff's Motion to Transfer Venue to the Western District of Pennsylvania (Pittsburgh, PA).

## BACKGROUND

Defendant Jonathon Gibbon is the primary architect of Armslist.com, which is an online firearms marketplace. Compl. ¶¶ 2, 71, 224.

On October 1, 2020, Plaintiff filed this action in the U.S. District Court for the Eastern District of Wisconsin. The central event that led to the complaint was the murder of Sara Schmidt in Wisconsin, but the core of this case is about Armslist's and Gibbon's intentional and reckless conduct. *Id.* ¶ 1–25, 154. Plaintiff, Sara's father, however, resides in Arkansas and Gibbon resides in Jeannette, Pennsylvania and defendant Armslist is based there. *Id.* ¶ 39, 42. In consideration of convenience and fairness, Plaintiff now seeks to transfer this case to the U.S. District Court for Western District of Pennsylvania.

On December 18, 2020, defendants Gibbon and Armslist filed motions to dismiss for lack of personal jurisdiction and for failure to state a claim. [Dkt 5 and 6.] On January 29, 2021, Plaintiff filed a Motion to Transfer Venue to the Western District of Pennsylvania. On February 19, 2021, Defendants filed a memorandum of law opposing Plaintiff's Motion to Transfer Venue. Defs. Opp'n Br. (doc. 14) at 19. Plaintiff now submits this Reply in further support of his Motion to Transfer Venue.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and the transferee district; (2) transfer will serve the convenience of the parties and the witnesses, and (3) transfer is warranted in the interest of justice. *CNH Am. LLC v. Int'l Union, United Auto.*, No. 08-C-720, 2009 WL 357920, at *3 (E.D. Wis. Feb. 12, 2009). The party seeking transfer bears the burden of showing that the "transferee forum is clearly more convenient than the transferor forum." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

**I.  The Western District of Pennsylvania is a More Convenient Forum for this Case**

Decisions to transfer are at the discretion of the district court based on an "'individualized, case-by-case consideration of convenience and fairness.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc*., 626 F.3d 973, 977 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Accordingly, the factors specifically mentioned in § 1404(a) are best understood as "placeholders for a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). To determine which venue is more convenient, courts usually consider: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience of the parties and witnesses." *PTP OneClick, LLC v. Avalara, Inc.*, No. 18-C-1671, 2019 WL 1924872, at *2 (E.D. Wis. Apr. 30, 2019).

For the reasons explained below, each convenience factor weighs in favor of transferring this case to the Western District of Pennsylvania.

### A. Material Events Occurred in Pennsylvania

Plaintiff alleges that, from Armslist's headquarters in Jeannette, Pennsylvania, Gibbon intentionally and recklessly designed, developed, and implemented website content that would attract people to use its marketplace for soliciting illegal firearms transactions. When such conduct is a core issue in the case, courts find that this factor weighs in favor of transfer. *See, e.g.*, *PTP OneClick*, 2019 WL 1924872, at *3 ("Seattle, Washington, is where Avalara developed the allegedly infringing tax products, and is where the majority of the relevant events took place, this factor weighs in favor of transfer.") (Griesbach, J.).

Defendants argue that this factor does not weigh in favor of transfer because the operative facts giving rise to Plaintiff's claims occurred in Wisconsin. Defs. Opp'n Br. at 12. Defendants view the operative facts as those which relate to Sara's murder. *Id.* at 12–13. However, those are not the core operative facts of this case.

An action's operative facts depend on Plaintiff's theories of liability. *Piccioli v. Plumbers Welfare Fund Local 130, U.A.*, No. 19-CV-00586, 2020 WL 6063065, at *2 (N.D. Ill. Oct. 14, 2020). As Defendants concede elsewhere in their brief, the core facts that support Plaintiff's theories of liability primarily involve Defendants intentional and reckless development of a website that facilitates the trafficking of illegal firearms. *See* Compl. ¶¶ 1–25; *see also* Defs. Opp'n Br. at 11 ("This case is about a website"). Those facts occurred in Pennsylvania. Thus, this factor weighs in favor transfer.

### B. Gibbon, Armslist, and Witnesses are in Pennsylvania

The witnesses in this case will likely include the following people: Gibbon, employees of Armslist, Sara's family, and Brock Verstagen—the individual who sold Sara's killer a firearm via Armslist.com. To determine which venue is more convenient for witnesses and parties, courts

4

159802.00601/125303246v.1
Case 1:20-cv-01526-WCG   Filed 03/03/21   Page 8 of 14   Document 21

consider the "availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc.*, 626 F.3d at 978. Gibbon and Armslist's employees will make up the bulk of the trial testimony, which will focus on the design and development of Armslist.com. Those individuals likely live in or near the Western District of Pennsylvania. Moreover, any former employees or later discovered non-party witnesses associated with Armslist will also likely reside within or near the Western District of Pennsylvania, which would allow the Court to subpoena such witnesses, if necessary.

Defendants argue that Plaintiff failed to show that this factor weighs in favor of transfer because Plaintiff "offered *zero* evidence to demonstrate the Western District of Pennsylvania is a more convenient forum." Def. Opp'n Br. at 9. Defendants classify Plaintiff's support as merely "conjecture" because Plaintiff failed to name a single non-party witness who might be found in Pennsylvania. *Id.* at 9. In the paragraphs immediately following those arguments, however, Defendants assert that "through discovery" it will demonstrate that "others" in Wisconsin are responsible for Sara's death. *Id.* Despite arguing that Plaintiff's lack of specificity weakens his arguments for transfer, Defendants offer no greater specificity when alleging that potential key witnesses reside in Wisconsin. That is because, as Defendants noted, parties have not yet engaged in discovery. Indeed, the facts relating to Sara's murder in Wisconsin will likely be undisputed. Since her murderer is deceased, there may well be no witnesses from Wisconsin relating to the murder needed.

Regardless, in cases where the bulk of the witnesses will be employees, courts usually find that this factor weighs in favor of transferring a case to the district where the company maintains its corporate headquarters. *RAH Color Techs., LLC v. Quad/Graphics, Inc.*, No. 17 C 4931, 2018 WL 439210, at *4 (N.D. Ill. Jan. 16, 2018). The moving party is not required to explicitly identify

5

individual employees. *Id.* Therefore, Plaintiff has met his burden and this factor weighs in favor of transfer.

### C. A Significant Amount of Proof is Located in Pennsylvania

To the extent that physical evidence and records will play a role in this case, the bulk of that evidence will likely come from Armslist's headquarters, which is located Jeannette, Pennsylvania. Defendants argue that this factor is neutral because most of the proof is stored electronically and can be accessed from remote locations. Although this may be true, Defendants ignore the fact that any physical inspection and verification of electronic sources of proof would likely occur in Pennsylvania. *Rah Color Techs., LLC*, 2018 WL 439210, at *9 (explaining that ease of access to sources of proof is still important factor despite technological advancements in document production). Thus, this factor weighs in favor of transfer. *See, e.g.*, *PTP OneClick, LLC*, 2019 WL 1924872, at *3 ("Although Avalara's corporate headquarters are located in Seattle, there is a trend towards affording decreasing weight to the location of records and evidence in light of technological developments. Still, most of the evidence in Avalara's possession, which would include the records relating to its development and commercialization of the allegedly infringing product, is located in Seattle." (internal citations omitted)).

### II. Transferring This Case to the Western District of Pennsylvania Will Serve the Interests of Justice.

To determine if transfer would serve the interests of justice, "courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *PTP OneClick, LLC*, 2019 WL 1924872, at *4 (quoting *Research Automation, Inc.*, 626 F.3d at 978).

6

159802.00601/125303246v.1
Case 1:20-cv-01526-WCG   Filed 03/03/21   Page 10 of 14   Document 21

As already described in Plaintiff's initial brief, all of the above listed factors weigh in favor of transfer. First, the prospect of a speedy disposition favors transfer because the Western District of Pennsylvania is able to resolve cases quicker than the Eastern District of Wisconsin, even if only by a few months. *See Red Stag Eng'g & Automation, Inc. v. Elite Mfg. Techs., Inc.*, No. 07-C-224, 2007 WL 1413402, at *4 (E.D. Wis. May 11, 2007), *see also* Federal Court Management Statistics, https://www.uscourts.gov/statistics/table/na/federal-court-managementstatistics/2020/06/30-1 (last visited Jan. 25, 2021). Second, the remaining interest of justice factors favor transfer as well. As explained above, the core operative facts that support Plaintiff's theories of liability overwhelmingly stem from Defendants' conduct within Pennsylvania. As a result, Pennsylvania has a greater interest than Wisconsin in resolving this controversy.

Defendants argue that the interests of justice will not be best served by transferring this case to the Western District of Pennsylvania because Plaintiff delayed seeking transfer. Defs. Opp'n Br. at 16. Defendants claim that they were prejudiced by the present motion because Plaintiff did not dismiss his claims or seek to amend the Complaint after Chief Judge Pepper issued a ruling in a similar case, *Bauer v. Armslist et al.*, No. 20-00215, (E.D. Wis. 2020), finding that the Court did not have personal jurisdiction over Gibbon. *Id.* at 16–17. Even if it is assumed that the Court's ruling in *Bauer* has any effect on this case, the ruling in *Bauer* is not final. Chief Judge Pepper granted plaintiffs' request for permission to amend so that plaintiffs may attempt to cure the jurisdictional defects in the complaint. Defs. Opp'n Br. (Ex. A) at 44 ("I'd be willing to allow you to file an amended complaint, <u>but I encourage you not to do it right yet</u>. Let me take a look at the other issues because if I come to a particular conclusion on the other issues, you may wish to amend on those as well so why don't you wait until you get a final decision from me, and then we'll see." (emphasis added)).

**III.     Personal Jurisdiction is Immaterial to Deciding This Transfer Motion**

Lastly, Defendants argue that the Court should not transfer this case under 28 U.S.C. § 1406(a) because a transfer under that provision would result in Plaintiff's claims being dismissed as untimely and would therefore not serve as a mechanism for curing any jurisdictional defects. Defs. Opp'n Br. at 18. Defendants' argument, however, is a red herring. It assumes that this Court has found, or will find, that it lacks personal jurisdiction over Defendants. *Id.* at 17. Defendants omit the fact that "[a] finding of personal jurisdiction over a defendant is not a prerequisite to transfer" under 28 U.S.C. § 1404(a) or § 1406(a). *Washington Nat. Life Ins. Co. v. Calcasieu Par. Sch. Bd.*, No. 05 C 2551, 2006 WL 1215413, at *3 (N.D. Ill. May 2, 2006) (citing *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) ("And under 1404(a) as under 1406(a), the transferring court need not have personal jurisdiction over the defendants."); *see also Bandlow v. Mid-Am. Fire & Marine Ins.*, 498 F. Supp. 1327, 1328 (E.D. Wis. 1980) ("the existence of personal jurisdiction in the transfer court is not prerequisite to the transfer of an action"). In fact, courts usually reserve judgment on jurisdictional questions when there is a concurrent motion to transfer pending, unless the "nature of the transfer" is material to the case. *Cf. Connor v. Kotchen*, No. 18-01118, 2019 WL 1298585, at *2 (S.D. Ind. Mar. 21, 2019) (explaining that "judicial restraint arguably counsels ordering transfer without decision as to personal jurisdiction" when the "nature of the transfer" is immaterial to the case).

Defendants argue that the nature of the transfer—*i.e.*, transferring with jurisdiction versus transferring without jurisdiction—is material to this case because if this Court transfers the case to Pennsylvania in the absence of personal jurisdiction, it would require the Western District of Pennsylvania to apply Pennsylvania law to Plaintiff's claims. Defs. Opp'n Br. at 17–18. And, if the Western District of Pennsylvania applies Pennsylvania law to Plaintiff's claims, it would find

that his claims are time barred. *Id.* On the other hand, Defendants argue, if the Court transfers this case instead of deciding the issue of personal jurisdiction, the Western District of Pennsylvania would apply Wisconsin law. *Id.* And, if the Western District of Pennsylvania applies Wisconsin law, it would find that Plaintiff's claims are timely. *Id.*

However, this is not true. The Western District of Pennsylvania would find Plaintiff's Complaint timely under either Pennsylvania law or Wisconsin law. Even if the earliest state date is assumed, *i.e.*, the date of Sara's murder, Plaintiff's complaint was timely under Wisconsin law because it was filed within three years of her death. *See* Wis. Stat. § 893.54, 893.57 (Wisconsin's three-year statute of limitation on tort claims). While Pennsylvania's statute of limitations on tort claims is two years, *see* 42 Pa. C.S. § 5524, under the "discovery rule" in Pennsylvania, that statute of limitations does not start running on a plaintiff's claim until they knew, or should have known "(1) of the injury *and* (2) that the defendant's conduct was the cause of that injury." *Rice v. Diocese of Altoona-Johnstown*, 212 A.3d 1055, 1062 (Pa. Super. Ct. 2019) (emphasis added). Here, when viewed in light of the discovery rule, Plaintiff's complaint was likely timely. Plaintiff filed his Complaint on October 1, 2020. And, because Plaintiff did not know, and could not have known, that Armslist's and Gibbon's conduct was the underlying cause of his injuries until after October 1, 2018, his complaint is timely because it was filed within two years of discovering that Armslist's and Gibbon's conduct was the cause of his injuries. *See Rice*, 212 A.3d at 1062.

As a result, the nature of this transfer would not be material and the Court need not consider whether it has personal jurisdiction over Defendants prior to ruling on Plaintiff's Motion to Transfer Venue. In fact, this is a scenario where courts usually exercise judicial restraint and reserve judgment on jurisdictional issues. *Cf. Connor*, 2019 WL 1298585, at *2.

9

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Transfer Venue to the Western District of Pennsylvania under 28 U.S.C. § 1404(a), or alternatively, under § 1406(a).

Dated: March 3, 2021

          **CANNON & DUNPHY, S.C.**

By: /s/ Brett A. Eckstein
Brett A. Eckstein
(State Bar No. 1036964)
595 North Barker Road
P.O. Box 1750
Brookfield, WI 53008-1750
(262) 796-3702

**BRADY**
Jonathan E. Lowy
840 First Street NE
Suite 400
Washington, DC 20005
(202) 202-370-8100

**BLANK ROME LLP**
John D. Kimball
Martin S. Krezalek
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000

*Attorneys for Plaintiff RICHARD WEBBER as administratrix of the ESTATE OF SARA J. SCHMIDT*

10

159802.00601/125303246v.1
Case 1:20-cv-01526-WCG   Filed 03/03/21   Page 14 of 14   Document 21